IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL BAVONE, DEBBIE BERNSLEY, ROBERT GOATEE, TERRANCE HAUSE, CONSTANCE MORROW, JESSICA PERRY, and ROGER YON,<br><br>  Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 06-153-GPM<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court on the motion to remand brought by Plaintiffs Carl Bavone, Debbie Bernsley, Robert Goatee, Terrance Hause, Constance Morrow, Jessica Perry, and Roger Yon (Doc. 8). The Court set this motion for hearing in accordance with its normal practice, but a review of the pleadings reveals that a hearing on this issue is not necessary. For the following reasons, the motion is **GRANTED**.

### INTRODUCTION

Plaintiffs originally filed this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, asserting claims based upon strict products liability, negligence, consumer fraud, common-law fraud, and breach of warranty for injuries allegedly caused by Zyprexa, a prescription medication for the treatment of schizophrenia in adults manufactured by Defendant Eli Lilly and Company ("Eli Lilly"). Eli Lilly subsequently removed the action to this Court, asserting that Plaintiff Debbie Bernsley, who is, like Eli Lilly, a citizen of Indiana, has been

fraudulently misjoined to defeat federal diversity jurisdiction. Plaintiffs have requested remand of the action to Illinois state court for lack of subject matter jurisdiction.

## DISCUSSION

### A.   Eli Lilly's Request for a Stay

In opposing Plaintiffs' request for remand, Eli Lilly urges the Court to stay proceedings in this action pending transfer of the action by the Judicial Panel on Multidistrict Litigation ("JPML") to a multidistrict litigation ("MDL") proceeding for coordinated or consolidated pretrial proceedings. *See* 28 U.S.C. § 1407. As Eli Lilly acknowledges, the Court retains full jurisdiction over this action until such time as a transfer order by the JPML is filed in the office of the clerk of the district court of the transferee district, in this instance the United States District Court for the Eastern District of New York. *See Illinois Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004). The decision to grant a stay rests within the Court's discretion. *See Walker v. Merck & Co.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005).

In *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), the court established a framework for deciding whether to address a motion to remand or to defer consideration of the motion pending transfer of an action by the JPML. Under that framework, the court's "first step should be to make a preliminary assessment of the jurisdictional issue." *Id*. at 1048. If the preliminary assessment suggests that removal was improper, then the court should consider the motion to remand. *See id*. at 1048-49. The framework set out in *Meyers* is consistent with the familiar principle that a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004).

The Court's initial assessment of Plaintiffs' motion for remand and the response thereto filed

by Eli Lilly suggests that removal was improper. Therefore, the Court concludes that it should consider the jurisdictional issues raised by the motion for remand even though Eli Lilly is attempting to have this case transferred by the JPML. *See Illinois Mun. Ret. Fund*, 391 F.3d at 852 ("Though some district courts stay proceedings during the interim following a conditional transfer order, … this is not required where the court concludes that it lacks subject matter jurisdiction."); *Wisconsin v. Abbott Labs.*, No. 04-C-447-C, 2004 WL 2055717, at *1 (W.D. Wis. Sept. 9, 2004) (applying the *Meyers* framework and lifting a stay of proceedings for the purpose of considering a motion to remand, since it appeared the removal was improper, despite the JPML's conditional transfer order transferring the case); *Board of Trs. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) ("When the merits of a remand motion are easy, a decision requires little judicial time and a stay would merely postpone the inevitable," and the "threat of inconsistent judgments . . . is de minim[i]s").

     **B.**     **Plaintiffs' Motion to Remand**

          **1.**     **Legal Standard**

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Id*. § 1441. The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id*. Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

In evaluating diversity of citizenship, a court must disregard a defendant that has been

fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against a diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

### 2. Fraudulent Misjoinder

In removing this case, Eli Lilly relies upon a variation of the doctrine of fraudulent joinder, fraudulent *mis*joinder, that generally is thought to have originated in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In *Tapscott* the court identified a third form of fraudulent joinder in addition to the two that currently are recognized in this Circuit, namely, "egregious" misjoinder of claims that is tantamount to fraudulent joinder. In *Tapscott*, one group of plaintiffs seeking to represent a class sued a group of defendants for statutory fraud arising from the sale of automobile service contracts. *See id*. at 1355. Another group of plaintiffs representing a separate putative class sued another group of defendants for statutory fraud arising from the sale of extended service contracts in connection with the sale of retail products. *See id*. The court held that the defendants had been misjoined because on the face of the complaint there was no claim against the two groups of defendants even remotely arising from the same transaction or occurrence. All that the claims shared was an invocation of the Alabama fraud statute, rendering joinder "so egregious as to constitute fraudulent joinder." *Id*. at 1360. The *Tapscott* court emphasized that misjoinder is

tantamount to fraudulent joinder not simply when claims are misjoined but when they are *egregiously* misjoined: "We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id*.

The validity of the doctrine of fraudulent misjoinder has not been passed upon by the United States Court of Appeals for the Seventh Circuit. In the past the Court has declined to adopt the fraudulent misjoinder doctrine, *see Rabe v. Merck & Co.*, No. Civ. 05-363-GPM, Civ. 05-378-GPM, 2005 WL 2094741, at *2 (S.D. Ill. Aug. 25, 2005), although, as Eli Lilly's attorneys point out, in *Rabe* the Court did not specifically address the issue of fraudulent misjoinder of plaintiffs. This is true, and therefore the Court now takes this opportunity to clarify its position: having given respectful consideration to the authorities from sister circuits that have adopted the fraudulent misjoinder doctrine, *see Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987), the Court declines to adopt any form of the doctrine.

In the Court's view, whether viable state-law claims have been misjoined – even "egregiously" misjoined – is a matter to be resolved by a state court. Nothing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims under state procedural rules is a question that implicates the subject matter jurisdiction of a federal court. *See Chicago, Rock Island & Pac. Ry. Co. v. Whiteaker*, 239 U.S. 421, 425 (1915) (holding that there is no fraudulent joinder when "the plaintiff has a right of action under the law of the state and to insist upon [a non-diverse defendant's] presence as a real defendant."). *See also Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) (state "procedural provisions cannot control the privilege [of] removal granted by the federal statute");

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (a plaintiff against whom a counterclaim had been filed could not remove a case to federal court because the existence of federal subject matter jurisdiction is not affected by state rules of procedure: "The removal statute[,] which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.").

In fact, as Plaintiffs' counsel points out, the Seventh Circuit Court of Appeals has spoken rather clearly to the issue of whether a federal court has the authority to sever plaintiffs from a case in order to make the case removable in diversity. "Neither [28 U.S.C.] § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). *See also Ampere Auto. Corp. v. Fullen*, No. 01 C 6818, 2001 WL 1268554, at *2 (N.D. Ill. Oct. 17, 2001). The Court is particularly disinclined to adopt the form of the fraudulent misjoinder doctrine proffered by a case upon which Eli Lilly relies, *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001), in which the court held that a mere misjoinder of parties is tantamount to fraudulent joinder. *See id*. at 147-48. The entire rationale for the fraudulent misjoinder doctrine is that only when joinder that otherwise is questionable, or even improper, undergoes a sinister transformation into something "egregious" does it become an issue that implicates the subject matter jurisdiction of a federal court. *Tapscott*, 77 F.3d at 1360. *See also Asher v. Minnesota Mining & Mfg. Co.*, No. Civ.A. 04CV522KKC, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) ("[S]omething more than 'mere misjoinder' is required before this Court may take the extraordinary step of exercising jurisdiction over an action where jurisdiction is lacking on the face of the complaint."); *Bright v.*

*No Cuts, Inc.*, No. Civ. A. 03-640, 2003 WL 22434232, at *9 (E.D. La. Oct. 27, 2003) ("[M]ere misjoinder . . . is . . . properly addressed to the state district court.").

In the Court's view, the fraudulent misjoinder doctrine is an improper expansion of the scope of federal diversity jurisdiction by the federal courts. *See In re Norplant Contraceptive Prods. Liab. Litig.*, 976 F. Supp. 559, 561 (E.D. Tex. 1997) (declining to sever claims to permit removal in diversity jurisdiction, and observing that "two major policies announced in removal jurisprudence [are] that federal courts must apply the removal statutes in a manner that carries out the intent of Congress to restrict removal, and that cases should be remanded if jurisdiction is doubtful."); *Moore v. Mobil Oil Corp.*, 904 F. Supp. 587, 588 (E.D. Tex. 1995) (rejecting the defendants' "argument sounding in equity and public policy" for severance of claims to permit removal in diversity: "This court cannot rewrite the removal statute to grant itself subject matter jurisdiction over this action . . . . [I]t is abundantly clear that Congress has not vested in federal district courts the power to fashion equitable removal solutions to procedural complexities."). However, even assuming for the sake of argument that issues of permissive joinder under state law somehow trench upon federal subject matter jurisdiction, there are further reasons for declining to adopt the fraudulent misjoinder doctrine.

The Seventh Circuit Court of Appeals has emphasized frequently that jurisdictional rules must be clear and easy to apply so that they yield uniform results. "The first characteristic of a good jurisdictional rule is predictability and uniform application." *Exchange Nat'l Bank of Chicago v. Daniels*, 763 F.2d 286, 292 (7th Cir. 1985). "Jurisdictional rules ought to be simple and precise so that judges and lawyers are spared having to litigate over not the merits of a legal dispute but where and when those merits shall be litigated." *In re Lopez*, 116 F.3d 1191, 1194 (7th Cir. 1997). "The

more mechanical the application of a jurisdictional rule, the better. The chief and often the only virtue of a jurisdictional rule is clarity." *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir. 1987) (citations omitted). In short, "jurisdictional rules should be as simple as possible." *Kennedy v. Wright*, 851 F.2d 963, 967 (7th Cir. 1988) (quoting *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir. 1986)). *See also Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005) ("[T]he first virtue of any jurisdictional rule is clarity and ease of implementation.").

In the ten years since *Tapscott* first heralded the fraudulent misjoinder doctrine, no clear standards for evaluating fraudulent misjoinder have emerged. *See Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691, 695 (N.D. Miss. 2004) ("[T]he governing legal standards regarding the fraudulent misjoinder doctrine are far from clear."). The Court is willing to hazard that no clear standards for the application of the fraudulent misjoinder doctrine will emerge. As the Court knows from its experience, determinations about proper joinder are of necessity highly discretionary, involving intensely case-specific decisions about the fairest and most economical way to adjudicate particular claims. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982) ("The grant or denial of a motion to bring or to drop a party lies in the discretion of the judge . . . . The trial court's exercise of discretion will not be disturbed on appeal unless an abuse is shown."); *Kuechle v. Bishop*, 64 F.R.D. 179, 180 (N.D. Ohio 1974) (in assessing permissive joinder of parties, "the Court is operating in an area of considerable discretion. The consideration[s] involved are essentially those of fairness."). In other words, proper joinder is, to a very great extent, in the eye of the beholder.

Although most exercises of a trial court's discretion are shielded on appeal by a deferential standard of review, discretionary decisions masked as jurisdictional ones are not. *See Storm v.*

*Storm*, 328 F.3d 941, 943 n.1 (7th Cir. 2003) ("Because the existence of subject matter jurisdiction goes to the ultimate question of whether the federal courts have the power to entertain and decide a case, we emphasize that our review in such situations is de novo."). The Court fails to see how the adoption of the fraudulent misjoinder doctrine, which elevates a court's discretion concerning joinder into a jurisdictional principle, is likely to promote predictable results at either the trial-court level or on review.

The consequences of erroneous jurisdictional decisions are serious for both courts and litigants, in terms of wasted time and resources, and the Court sees no possible advantage in staking such decisions on discretionary determinations about misjoinder of claims. *See Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319-20 (7th Cir. 1998) (after three years of litigation, dismissing a case on appeal for lack of subject matter jurisdiction based on a question of first impression). *See also Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 576-77 (5th Cir. 2004) (after over three years of litigation in federal court, on en banc review ordering a case remanded to state court for lack of subject matter jurisdiction due to the trial court's erroneous finding of fraudulent joinder). The Court is entirely in agreement with a sister court which stated, in rejecting the fraudulent misjoinder doctrine, "the last thing the federal courts need is more procedural complexity . . . . [T]he better rule [is to] require [the removing defendant] to resolve the claimed misjoinder in state court." *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). In sum, just as the Court has refused to adopt the fraudulent misjoinder doctrine in the past, *see Rabe*, 2005 WL 2094741, at *2, so the Court will continue to reject the doctrine until such time as it is adopted through legislative amendment of the scope of federal diversity jurisdiction or through the decisions of the

United States Supreme Court or the Seventh Circuit Court of Appeals.[1]

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is **GRANTED** (Doc. 8). Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. The motion to dismiss Count II of Plaintiffs' Complaint as to the Non-Illinois Resident Plaintiffs Pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendant Eli Lilly and Company (Doc. 5) and the motion to stay all proceedings pending a ruling on transfer by the Judicial Panel on Multidistrict Litigation brought by Defendant Eli Lilly and Company (Doc. 13) are **DENIED as moot**. The hearing on Plaintiffs' motion to remand (Doc. 8) currently scheduled for May 15, 2006, is **CANCELLED**.

**IT IS SO ORDERED.**

DATED: 04/24/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge

---

1. Because the Court declines to recognize the fraudulent misjoinder doctrine, the Court does not address the issue of whether Plaintiffs in this case are properly joined under state or federal law. The Court notes that, under the law of this Circuit, a case removed from state court to federal court becomes, "when it arrive[s] there, . . . subject to the same rules of procedure as if it had been originally sued in [federal] court." *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953). *See also Twin Disc, Inc. v. Lowell*, 69 F.R.D. 64, 65 (E.D. Wis. 1975) (despite the fact that a suit was begun in state court, timely removal of the suit to a federal district court causes the Federal Rules of Civil Procedure to become controlling as to the suit). *Cf. Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 144 n.6 (9th Cir. 1975) (state rules of procedure are overridden by federal rules in removed actions). The Court expresses no opinion about the propriety of the joinder of Plaintiffs' claims under Rule 20 of the Federal Rules of Civil Procedure.